EJECTMENT.

*Case 68.*

April 10.

Case stated and evidence.

Instructions of the Circuit Court

## Bedford's Heirs *vs* Thomas, &c.

APPEAL FOM THE SPENCER CIRCUIT.

*Adverse possession.    Landlord and tenant.    Notice to quit.*

JUDGE BRECK delivered the opinion of the Court.

THE heirs of John Bedford instituted this action of ejectment, against Heady, the tenant in possession. Heady being the tenant of Thomas, both entered themselves defendants. The testimony upon the trial conduced to prove title in the lessors of the plaintiffs—that Berry Bedford, one of the heirs of John Bedford, and also one of the lessors, had claimed the land under an executory contract from his father for many years, and had been in possession, and cultivated it up to the time of his father's death in 1841 or 1842—that shortly after the death of John Bedford, Thomas took possession of the land, claiming to have purchased it from Berry Bedford, and to have got a deed from him for it—to have paid for it, and claiming the land as his own.

Upon this state of the testimony, the Court instructed the jury to find for the defendants, upon the ground that six month's notice to quit had not been given to Thomas or his tenant, and that the plaintiffs, therefore, could not maintain his action. A verdict and judgment having

been rendered for the defendants, the plaintiffs have appealed to this Court.

Whether the Court was right in the instruction to the jury, is the only question for determination. The instruction, in our opinion, was very clearly unauthorized, for the reason assigned, and we perceive no other ground upon which it can be sustained.

If Thomas obtained possession and held by executory contract under Berry Bedford, and *he* had entered and held by similar contract under John Bedford, both looking to him or his heirs for title, Thomas would, in that case, have been the *quasi* tenant of the lessors. His entry would have been legal, and as long as he sustained that relation, he would not have been a wrong doer, and notice to quit or a demand, would have been requisite before the plaintiffs could maintain their action; *Comyn on Landlord and Tenant*, (6 *Law. Lib.* 163,) and authorities there cited.

*The possession of a purchaser by executory contract, looking to his vendee for title, is amicable, and whilst those relations exist, no action to recover possession can be maintained by vendor, until notice to quit by the latter.*

But a tenant or *quasi* tenant may, by his own act, dissever the relation between him and his landlord or vendor, and in that case, neither notice nor demand would be necessary. Claiming to hold independently of his landlord, or any act which would render his possession adverse, would dissolve the relation; *Farrows heirs* vs *Edmondson*, (4 *B. Monroe*, 605.)

*But where vendee claims to hold independently of vendor the relation of landlord and tenant is dissolved and notice to quit is not necessary.*

The testimony in this case does not even conduce to prove that Thomas entered under an executory contract with Berry Bedford, or that he looked to him or Bedford's heirs for title; on the contrary, that he entered and held under an executed contract—that he had purchased the land from Berry Bedford, and obtained his deed for it, and thus claimed it as his own. In this view of the case, his possession was adverse to the lessors of the plaintiffs, and all the world, and no *notice* nor demand was necessary. The actual production of a deed from Berry Bedford to Thomas, was not requisite to show that the possession of Thomas was adverse. It was only necessary to prove that he entered and claimed the land under a purchase and deed from Berry Bedford.

*Proof that defendant entered and claimed under a deed from lessor, is evidence of adverse holding, and which renders notice to quit unnecessary.*

The judgment is reversed and the cause remanded, that

a new trial may be granted without payment of cost, and
for further proceedings consistent with this opinion.

. *McHenry* for appellants: *Morehead & Reed* for appellees.